NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-142

KENNETH PITTS

vs.

DIRECTOR OF THE DEPARTMENT OF UNEMPLOYMENT ASSISTANCE & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Kenneth Pitts, appeals from the judgment of the Boston Municipal Court (BMC) affirming the final decision of the Department of Unemployment Assistance (DUA).  The question presented is whether a BMC judge properly upheld the decision of the DUA denying benefits to Pitts.  See G. L. c. 151A, § 25 (e) (1).  We affirm.

The facts are well known to the parties and will not be detailed yet again herein.  Suffice it to say that the parties agree that Massage Envy Brookline (MEB) employed Pitts as a masseur from approximately May 2019 to March 2020; that because of the COVID-19 pandemic, the business was shut down; and that Pitts was furloughed and received unemployment benefits.  The

---

[1] Massage Envy Brookline.

parties agree on little else.  Pitts contends, inter alia, that MEB's principals violated G. L. c. 151A, § 47, by making false statements denying the existence of a Massage Envy "Infection Prevention, Control and Cleaning Protocol" document; that MEB concealed the existence of this document during the administrative hearing; that DUA relied on this false information to disqualify him from receiving benefits; and that the BMC judge failed to address the findings about the protocol document or properly review the evidence.

In response, the director of DUA argues that, as the BMC judge concluded, DUA's decision was supported by substantial evidence.  Specifically, the director maintains that DUA correctly concluded that Pitts:  refused MEB's offer for "suitable work"; "voluntarily resigned from employment" within the meaning of DUA's emergency COVID-19 regulations; and failed to meet his burden of proving that he left work voluntarily for good cause attributable to his employer where his dissatisfaction with MEB's proposed cleaning protocols did not rise to the level of good cause, nor was it supported by the record.  The director further contends that Pitts's argument that MEB violated G. L. c. 151A, § 47, by making false

2

statements to the review examiner was not raised below and thus waived, and, in any event, is unsupported by the record.[2]

The judge's review was limited to the administrative record. See G. L. c. 151A, § 42. Furthermore, the judge was required to give due weight to the experience, technical competence, and specialized knowledge of the agency. The DUA board of review's decision could only be overturned if it was unsupported by substantial evidence, arbitrary or capricious, an abuse of discretion, or unsupported by law. See G. L. c. 30A, § 14 (7).

We have reviewed the entire record, including but not limited to the thorough hearing[3] conducted by the review examiner, the review examiner's comprehensive findings of fact and decision, the judge's ruling on the complaint for judicial review, and the administrative record.[4] To the extent there are disputes of fact between the parties, the review examiner's findings all have support in the record. To the extent that

---

[2] Assuming without deciding that Pitts properly raised the G. L. c. 151A, § 47, claim at the administrative and trial level, the claim lacks merit. As discussed infra, the review examiner did not err in finding that MEB chose to "go beyond" the corporate protocol and "change blankets after every session."

[3] The review examiner conducted an evidentiary hearing over the course of three dates: February 21, 2021; March 10, 2021; and April 9, 2021.

[4] The panel also acknowledges receipt of a compact disc containing a voicemail message that was filed by the appellant in this appeal.

Pitts claimed that the "blanket sandwiching" practice would endanger his clients and subject him to liability, he failed to show that the method outlined in the proposed corporate policy was unsanitary or dangerous, and in any event, the review examiner did not err in concluding that this method was not used and that MEB adopted a higher standard. Indeed, the review examiner was entitled to credit MEB's evidence and was not required to accept Pitts's version of the facts as to why he left his employment.

In short, the review examiner's decision was neither arbitrary nor capricious, and was based on substantial evidence. Further, there was no error in determining that Pitts did not sustain his burden. See Sohler v. Director of the Div. of Employment Sec., 377 Mass. 785, 788 n.1 (1979) ("The burden of proof as to all aspects of eligibility for unemployment benefits, including the burden of establishing good cause [for leaving work], rests with the worker"). Thus, we conclude that the board's decision that the claimant left his job voluntarily

and without good cause attributable to the employer is supported by substantial evidence.[5,6]

Judgment affirmed.

By the Court (Neyman, Desmond & Smyth, JJ.[7]),

*Joseph F. Stanton*

Clerk

Entered:  April 18, 2023.

---

[5] To the extent that we have not specifically addressed subsidiary arguments in the parties' briefs, they have been considered, and do not warrant further discussion.  See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[6] We deny the request for appellate attorney's fees.

[7] The panelists are listed in order of seniority.